NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-8

IN RE:  RUSSELL SHANE GAUTREAUX AND
TIFFANY ELAINE DESHOTEL GAUTREAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 71118
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

AMENDED AND AFFIRMED AS AMENDED.

Russell Shane Gautreaux
In Proper Person
5146 Lance Blue Road
Ville Platte, Louisiana  70586
(337) 305-5947
Appellant

**Timmy J. Fontenot**
**Attorney at Law**
**Post Office Box 68**
**Mamou, Louisiana  70554**
**(337) 468-4444**
**Counsel for Appellee:**
  **Tiffany Elaine Deshotel Gautreaux**

**Jonathan C. Vidrine**
**West & Vidrine**
**Post Office Drawer 1019**
**Ville Platte, Louisiana  70586**
**(337) 363-2772**
**Counsel for Other Appellee:**
  **Patrick Scott Thibodeaux**

**KEATY, Judge.**

Former husband appeals a judgment ordering him to pay his former wife $5,030.00 in conjunction with their community property partition. For the following reasons, we amend and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

Russell Shane Gautreaux and Tiffany Elaine Deshotel Gautreaux were married on November 17, 1990. On October 26, 2009, Russell and Tiffany filed a Petition to Terminate Matrimonial Regime and Enter into Separation of Property Agreement wherein they stated that they had been informed of and fully understood the rules and principles governing matrimonial regimes and that they believed that it was in their best interests to terminate their community property regime. Attached to the petition was a copy of a proposed Community Property Partition and Agreement Establishing Separate Property Regime (Partition) which partitioned the property that Russell and Tiffany acquired during their marriage. By judgment dated October 27, 2009, the trial court granted the parties' request to terminate their community property regime and establish a separate property regime. The Partition, which the parties signed and had notarized on October 27, 2009, was attached to and made a part of the judgment.

On May 6, 2010, the parties filed a Petition for Divorce pursuant to La.Civ.Code art. 103(1), and following a confirmation hearing, a Judgment of Divorce was granted and signed. On September 30, 2014, Russell filed a Motion to Enforce Settlement and Petition Seeking a Declaratory Judgment (Motion to Enforce) alleging that Tiffany had refused to sign documents regarding a 2.99 acre tract of land (the tract), in violation of the Partition and requesting that the trial court order Tiffany to sign such documents. Russell alleged in the Motion to

Enforce that during their marriage, he and Tiffany owned the tract, along with Russell's son, Andrew. The three of them had entered into a contract (the contract) with Shawn Fontenot agreeing to sell the tract to him while he and Tiffany were married.[1] Russell alleged that several years after the Partition was signed, he reacquired the tract as his separate property and then sold it to Patrick Thibodeaux for $15,000.00. Russell explained that when Mr. Thibodeaux sought to sell the tract to a fourth party, issues regarding the tract's title had emerged that required Tiffany's signature to resolve. The hearing on the Motion to Enforce was reset several times, and eventually took place on March 30, 2015. After receiving testimony and evidence, the trial court issued oral reasons amending the October 27, 2009 Partition to include the tract upon finding that title of the tract never transferred to Mr. Fontenot since he did not make all the payments required by the contract. The trial court declared Mr. Thibodeaux the owner of the tract based upon its finding that he was a good faith purchaser and that the $15,000.00 that he had paid Russell represented fair market value. The parties were ordered to sign documents within ten days giving clear title to Mr. Thibodeaux. Finally, the trial court stated that it was "re-opening . . . the . . . proverbial can of worms" and would allow Russell and Tiffany fifteen days to file motions for reimbursement or valuation, et cetera, regarding the tract. The trial court set a partition trial limited

---

[1] The untitled contract is dated September 4, 2008. According to its terms, Mr. Fontenot agreed to pay a $500.00 deposit, $500.00 per month, and $9,800.00 plus ten percent interest and that Mr. Fontenot would not take possession of the property until it was paid in full. The contract provided that the agreement would be null and void if Mr. Fontenot failed to make the required payment by the third of each month. The contract was never recorded.

to issues regarding the tract for May 28, 2015. Judgment in conformity with the foregoing reasons was signed several weeks later.[2]

In a pleading titled Rule Seeking Partial Partition of Community Property, Russell sought reimbursement of the following expenses: $69.01 for 2009 taxes; $69.01 for 2010 taxes; $240.46 for 2011 and 2012 taxes; $200.00 for advertising; $190.00 for management; $1,563.00 for three years of grass maintenance; and $9,500.00 for payment to Mr. Fontenot.[3] In a Descriptive List of Valuations and Reimbursements, Tiffany sought one-half of the $15,000.00 that Russell received when he sold the tract to Mr. Thibodeaux plus one-half of the rent monies that Russell had collected from Mr. Fontenot, which she estimated to be worth $4,250.00, for a total reimbursement of $11,750.00. Following the May 28, 2015 trial, the matter was taken under advisement. Reasons for Judgment were issued on June 2, 2015, declaring that Tiffany was entitled to recover from Russell $5,030.00, or one-half of the net proceeds of the sale from Russell to Mr. Thibodeaux. To arrive at that figure, the trial court gave Russell credit/reimbursement for one-half of the $378.50 (or $189.25) in property taxes he paid on the tract for the years 2009 to 2012 and one-half of the $9,500.00 (or $4,750.00) that he paid to reacquire the tract from Mr. Fontenot, which after being subtracted from the $15,000.00 Russell collected from the sale to Mr. Thibodeaux left a total net proceed of $10,060.75 to be distributed between the community that formerly existed between Russell and Tiffany. Written Judgment was rendered in accordance with those reasons on June 11, 2015.

---

[2] Although the judgment correctly noted that the Petition for Declaratory Judgment had come for hearing on March 30, 2015, it incorrectly listed its signing date as April 13, 2013 rather than April 13, 2015.

[3] In the Rule Seeking Partial Partition, Russell also sought reimbursement for legal fees and for sums relating to his son, Andrew's, share of land, but he released those claims at trial.

Russell filed a Motion for New Trial and/or Motion for Amendment of Judgment (Motion for New Trial and/or to Amend) seeking to have the trial court amend the Judgment "to confirm and reflect that a total reimbursement credit for the repurchase price of $9,500.00 should be granted" or, alternatively, to grant a new trial because the judgment was contrary to the law and evidence. Tiffany opposed the motion. By judgment dated August 25, 2015, the trial court denied Russell's Motion for New Trial and/or to Amend. Russell moved for a devolutive appeal and is before this court, in proper person, arguing that the trial court erred: 1) in concluding that the property purchased by him was community property and in ordering him to pay Tiffany one-half of the proceeds of the sale of the property; 2) in calculating any credit due Tiffany in the event such property was community property; and 3) in denying his Motion for New Trial and his Motion for Amendment of Judgment to correct its error in calculating the credit due him.

## DISCUSSION

Findings of fact are reviewed under the manifest error rule. *Cormier v. Comeaux,* 98-2378 (La.7/7/99), 748 So.2d 1123. When the review of factual findings of the trial court are at issue, the following two-part analysis applies in order to reverse the fact finder's determinations: (1) a reasonable factual basis must not exist in the record for the finding of the trial court and (2) the record must establish that the finding is manifestly erroneous or clearly wrong. *Id.* Great deference is given to the trial court's determination of the credibility of witnesses, except where "documents or other objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable finder of fact would not credit the witness's story." *Rosell v. ESCO,* 549 So.2d 840, 844-45 (La.1989).

*Harruff v. King*, 13-940, pp. 4-5 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, 1066, *writ denied,* 14-1685 (La. 11/7/14), 152 So.3d 176.

At the outset, we note that Russell's appellant brief, which he filed in proper person, simply recites his version of the facts. It sets forth no legal arguments nor

4

does it cite any jurisprudence in support of his argument that the judgments rendered by the trial court should be reversed. Further, while Russell attached a copy of counsel-filed Motion for New Trial and/or to Amend to his brief, his stated reason for doing so was to adopt the motion for use as his statement of the case. In her appellee brief, Tiffany fails to offer any argument or to cite any jurisprudence in opposition to Russell's arguments on appeal, instead simply reciting her version of the facts. Rather than ask that the trial court judgments be affirmed, however, Tiffany contends that Russell owes her "the full sum of her reimbursement claim [, or ]$11,750.00." Because Tiffany did not appeal or answer Russell's appeal, we will not consider her claim. *See* La.Code Civ.P. art. 2133.

***Was the Tract Community Property***?

In his first assignment of error, Russell contends that the trial court erred in concluding that the tract was community property and in ordering him to pay Tiffany one-half of the proceeds of the sale of the tract. Russell appealed the June 11, 2015 judgment ordering him to pay Tiffany $5,030.00 as well as the August 25, 2015 judgment wherein the trial court denied his motion for new trial of the June 11, 2015 judgment. He did not appeal the April 13, 2015 judgment wherein the trial court amended the October 27, 2009 Partition to include the tract. As a result, the merits of the April 13, 2015 judgment are final and unappealable. *See, e.g., dela Vergne v. dela Vergne*, 99-364 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271.[4] Accordingly, we will not address Russell's first assignment of error as the trial court's finding that the tract was community property has been conclusively

---

[4] In *dela Vergne*, 745 So.2d 1271, 1273, the fourth circuit allowed the appellant to appeal the merits of a judgment that was not mentioned in his petition and order of appeal where the issues involved in that judgment and the appealed judgment which was rendered four days later were "inextricably interwoven" and the petition and order of appeal was filed within the devolutive appeal delays found in La.Code Civ.P. art. 2087. Here, the merits of the April 13, 2015 judgment are separate and distinct from that involved in the appealed judgments.

established. The real issue at the heart of this appeal, however, is whether the trial court properly calculated the amount, if any, due to Tiffany when Russell sold that community asset to Mr. Thibodeaux for $15,000.00. That issue will be addressed in the discussion that follows.

*Calculation of Credit Due to Tiffany*

In his second assignment of error, Russell contends that, even if the tract is community, the trial court erred in calculating that Tiffany was due any credit after taking into account the expenses he incurred in reacquiring the tract, in maintaining the tract, and finally, in finding another buyer to purchase the tract. As explained above, the trial court gave Russell credit for one-half of the $9,500.00 (or $4,750.00) he spent on repurchasing the tract and one-half of the $378.50 (or $189.25) in property taxes he paid on the tract for the years 2009 to 2012. The trial court denied Russell's claim for the remaining expenses based on its finding that he "failed to provide receipts of sufficient proof necessary for recovery."

At trial, Russell testified that after his divorce from Tiffany, he paid $9,500.00 from his separate property to Mr. Fontenot to get him to release the land back to him. Tiffany did not dispute Russell's testimony on that point. Thus, even if Russell was not legally obligated to repay Mr. Fontenot the amount he had expended thus far on the contract, the $9,500.00 payment came from Russell's separate funds as the payment occurred on February 28, 2011, after the date the Partition was signed, i.e., October 27, 2009, and after the parties' May 6, 2010 divorce. Thus, the trial court should have subtracted that amount from the $15,000.00 that Russell received from the sale of the tract to Mr. Thibodeaux before deducting the remaining expenses and splitting the residual profit between Russell and Tiffany, and its failure to do so was manifestly erroneous.

6

On the other hand, we find no merit to Russell's argument that the trial court erred in failing to award him reimbursement for the $200.00 he claimed to have spent on advertising the tract for sale, the $190.00 he claimed to have spent on managing the tract, and the $1,563.00 he allegedly spent for three years of cutting the grass on the tract. Russell failed to produce any receipts or cancelled checks documenting the amounts he sought to be reimbursed, explaining that he had simply calculated amounts that he felt were reasonable given the services he had performed involving the tract. Russell further explained that the events had happened years before and that either he never got or he failed to keep any such documentation of his actual expenses. Given the lack of testimonial and evidentiary support offered by Russell, the trial court's finding that he failed to meet his burden of proving he should be given credit for the claimed expenses is not manifestly erroneous.

Based on the above findings, we subtract the $9,500.00 that Russell paid to Mr. Fontenot from the $15,000.00 that Russell received from the sale of the tract to Mr. Thibodeaux, which results in a figure of $5,500.00. Subtracting from that amount one-half of the $378.50 (or $189.25) in property taxes Russell paid on the tract for the years 2009 to 2012 leaves the nets proceeds of the sale at $5,310.75 to be distributed between Russell and Tiffany. One-half of $5,310.75 is $2,655.37. Accordingly, the judgment will be amended to award Tiffany $2,655.37.

### Russell's Motion for New Trial and/or to Amend Judgment

In his final assignment of error, Russell contends that the trial court erred in denying his Motion for New Trial and/or to Amend to correct its error in calculating the credit due him. Given our resolution of Russell's second assignment of error, this issue has become moot, and we need not address it.

**DECREE**

For the foregoing reasons, the judgment of the trial court in favor of Tiffany Elaine Deshotel Gautreaux and against Russell Shane Gautreaux is amended to award Tiffany $2,655.37 and is affirmed as amended. All costs of this appeal are assessed against Tiffany Elaine Deshotel Gautreaux.

**AMENDED AND AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.